UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Evelyn Stubbs**,

Soc. Sec. No. xxx-xx-4762
Mailing Address: 619 Old Oxford Highway,
Durham, NC 27704-

Bankruptcy Case No.: 10-80950

Debtor.

**Evelyn Stubbs**,

Plaintiff,    A.P. No.: 10-09082

**Household Realty Corporation,**

Defendant.

### MOTION TO JOIN CHAPTER 13 TRUSTEE AS PARTY PLAINTIFF

NOW COMES the Plaintiff, by and through her undersigned attorney, and hereby moves to join Richard M. Hutson, II, the Chapter 13 Trustee in the Plaintiff's Chapter 13 case, as a party plaintiff and state in support of the motion the following:

1. The Plaintiff is the Debtor in the above-captioned chapter 13 bankruptcy case, filed on May 28, 2010, and Richard M. Hutson, II is the duly appointed Chapter 13 Trustee.

2. On September 8, 2010, the Debtor filed her Complaint to Determine Validity and Extent of Lien (the "Complaint").

3. The Complaint asserts avoidance claims pursuant to 11 U.S.C. § 544, which if successful, would provide a benefit to the bankruptcy estate and the Debtor.

4. Rule 20 of the Federal Rules of Civil Procedure, as incorporated by Rule 7020(a) of the Federal Rules of Bankruptcy Procedure provides that additional parties may be joined as

plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all plaintiffs will arise in the action."

5. Alternatively, Rule 19(a)(1) of the Federal Rules of Civil Procedure, as incorporated by Rule 7019 of the Federal Rules of Bankruptcy Procedure provides that a party "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

   a. in that person's absence, the court cannot accord complete relief among existing parties; or

   b. that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      i. as a practical matter impair or impede the person's ability to protect the interest; or

      ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

6. Upon information and belief, the Chapter 13 Trustee is subject to service of process.

7. Upon information and belief, joinder of the Chapter 13 Trustee will not deprive the court of subject-matter jurisdiction.

8. Upon information and belief, in that absence of the Chapter 13 Trustee, the court may not be able to accord complete relief among existing parties.

9. Upon information and belief, the Chapter 13 Trustee could claim an interest relating to the subject of the action, i.e. in that voiding or avoidance of Defendant's security interest would benefit the bankruptcy estate.

10. Upon information and belief, disposing of the action in the absence of the Chapter 13 Trustee may:

   i. as a practical matter impair or impede the Chapter 13 Trustee's ability to protect the interest; and/or

   ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

11. The Debtor's Complaint, in seeking avoidance of the Deed of Trust purportedly held by Household Realty Corp. has asserted a claim of relief under 11 U.S.C. §547. Under the facts presented, this claim for relief may arguably only be brought by the Chapter 13 Trustee. Alternatively, the Debtor/Plaintiff seeks a determination that the purported lien is *void ab initio*.

12. The questions of law or fact giving rise to the Complaint are common to both the Debtor and the Trustee. Specifically, the Complaint details a defect in the legal description and chain of title of the Defendant's purported lien which, if proven, would permit avoidance of the Defendant's Deed of Trust. Accordingly, the Debtor seeks to have the Chapter 13 Trustee joined in the Complaint as a party plaintiff.

WHEREFORE, the Debtor/Plaintiff prays that this Court grant the Motion to join the Chapter 13 Trustee as a party plaintiff in this action any other such other relief which the court deems proper. The Debtor/Plaintiff further request that, upon a finding that additional parties are required to this action, that the court permit 30 days from any such order to allow further joinder of any necessary parties.

Respectfully submitted this 18th day of June, 2011.

/s/ Edward C. Boltz
Edward C. Boltz
Attorney for the Plaintiff/Debtor
North Carolina State Bar Number: 23003
1738 Hillandale Rd.
Durham NC 27705
(919) 286-1695
eboltz@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Evelyn Stubbs**,

Soc. Sec. No. xxx-xx-4762
Mailing Address: 619 Old Oxford Highway,
Durham, NC 27704-

Bankruptcy Case No.: 10-80950

Debtor.

**Evelyn Stubbs**,

Plaintiff,    A.P. No.: 10-09082

**Household Realty Corporation,**

Defendant.

## CERTIFICATE OF SERVICE

I, Renee Nolte certify that service of the **MOTION TO JOIN CHAPTER 13 TRUSTEE AS PARTY PLAINTIFF** was made on June 18, 2011, by electronic notice on the following parties:

| | |
|---|---|
| Richard M. Hutson, II<br>**Chapter 13 Trustee** | Neale T. Johnson<br>**Attorney for Defendant** |
| Michael West<br>**Bankruptcy Administrator** | C. Marshall Lindsay<br>**Attorney for Defendant** |
| | Matthew Underwood<br>**Attorney for Defendant** |

and also by **first class mail** upon the following parties:

| | |
|---|---|
| Richard M. Hutson, II<br>**Chapter 13 Trustee**<br>Post Office Box 3613<br>Durham NC 27702 | Neale T. Johnson<br>**Attorney for Defendant**<br>525 North Tryon Street<br>Suite 1400<br>Charlotte, NC 28202 |
| Evelyn Stubbs<br>619 Old Oxford Highway<br>Durham, NC 27704 | C. Marshall Lindsay<br>**Attorney for Defendant**<br>525 North Tryon Street<br>Suite 1400<br>Charlotte, NC 28202 |
| | Matthew Underwood<br>**Attorney for Defendant**<br>5121 Parkway Plaza Drive<br>Suite 300<br>Charlotte, NC 28217 |

This 20th day of June, 2011.

/s/ Renee Nolte
The Law Offices of John T. Orcutt.