UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Evelyn Stubbs**,

Soc. Sec. No. xxx-xx-4762
Mailing Address: 619 Old Oxford Highway,
Durham, NC 27704-

Bankruptcy Case No.: 10-80950

Debtor.

**Evelyn Stubbs**,

Plaintiff,    A.P. No.: 10-09082

**Household Realty Corporation,**

Defendant.

# CONSENT ORDER RESOLVING
## MOTION TO JOIN CHAPTER 13 TRUSTEE AS PARTY PLAINTIFF

WITH THE CONSENT OF THE PARTIES, as indicated by the signatures of their counsel below, the Court hereby finds as follows:

1. Pursuant to Rule 20 of the Federal Rules of Civil Procedure, as incorporated by Rule 7020(a) of the Federal Rules of Bankruptcy Procedure , the Chapter 13 Trustee can "assert [rights] to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all plaintiffs will arise in the action", *viz.* that the Chapter 13 Trustee could claim an interest relating to the subject of the action, in that voiding or avoidance of Defendant's security interest would benefit the bankruptcy estate.

2. Joinder of the Chapter 13 Trustee as a plaintiff will not deprive the court of subject-matter

jurisdiction.

3. In that absence of the Chapter 13 Trustee, the Court may not be able to accord complete relief among existing parties.

4. The Debtor's Complaint, in seeking avoidance of the Deed of Trust purportedly held by Household Realty Corp. has asserted a claim of relief under 11 U.S.C. §547. Under the facts presented, this claim for relief may arguably only be brought by the Chapter 13 Trustee.

5. The questions of law or fact giving rise to the Complaint are common to both the Debtor and the Trustee. Specifically, the Complaint alleges a defect in the legal description and chain of title of the Defendant's purported lien which, if proven, may permit avoidance of the Defendant's Deed of Trust. Accordingly, the Debtor seeks to have the Chapter 13 Trustee joined in the Complaint as a party plaintiff.

WHEREFORE, the Court hereby finds that cause exists to allow the joinder of the Chapter 13 Trustee as a Plaintiff in this case, allow ten (10) days for the filing of an amended Complaint and a subsequent thirty (30) days for the Defendant to file an amended Answer.

We Consent:

/s Koury L. Hicks
Koury L. Hicks
The Law Offices of John T. Orcutt
Attorney for the Plaintiff/Debtor
North Carolina State Bar Number: 36204
1738 Hillandale Rd.
Durham NC 27705
(919) 286-1695
eboltz@johnorcutt.com
khicks@johnorcutt.com

/s C. Marshall Lindsay
C. Marshall Lindsay
Attorney for Defendant
North Carolina State Bar Number: 25686
525 North Tryon Street
Suite 1400
Charlotte, NC 28202

/s/Benjamin Lovell
Benjamin Lovell
Attorney for the Chapter 13 Trustee
Post Office Box 3613
Durham NC 27702